■ PATRICIA McCLUSKEY, an Infant, by Her Father, THOMAS McCLUSKEY, et al., Respondents, v FIRST LEASING CORPORATION, Appellant and Third-Party Plaintiff-Appellant. SANFORD TURMAN, Individually and Doing Business as SANFORD PAINTING COMPANY, Third-Party Defendant-Respondent.—Judgment, Supreme Court, New York County, entered June 16, 1975, after a jury trial, in favor of plaintiffs and against the defendant and third-party plaintiff First Leasing Corp. on the issue of liability and dismissing the third-party complaint against the third-party defendant Sanford Paint-

ing Company, unanimously affirmed, with $60 costs and disbursements as to the third-party defendant, but without costs and disbursements as to plaintiffs. Scrutiny of the record in this action to recover damages for personal injuries warrants the conclusion that the trial court properly dismissed the third-party complaint and that no basis exists for overturning the jury verdict in favor of the plaintiffs. The defendant and third-party plaintiff failed to establish whether the radiator in question was disconnected or had rotted away. Assuming that the record could sustain a finding that the radiator had been disconnected, there is no evidence sufficiently present in the record which would justify submission to the jury of an issue as to whether the third-party defendant had disconnected the radiator. It is not sufficient to show that the third-party defendant's painters were in the building where the accident occurred some time before the date of said accident and painted the baseboard in back of the radiator. Clearly, it cannot be inferred from that fact that the painters disconnected the radiator. Concur—Markewich, J. P., Murphy, Lupiano, Tilzer and Lynch, JJ.